**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
Plaintiff Below, Respondent

**v.)  No. 24-172** (Ohio County CC-35-2023-F-35)

Ernest Andrew Stewart,
Defendant Below, Petitioner

## MEMORANDUM DECISION

Petitioner Ernest Andrew Stewart appeals the Circuit Court of Ohio County's March 22, 2024, sentencing order entered following his conviction for three counts of malicious assault.[1] The petitioner claims that the circuit court erred in admitting gruesome photographs of the victim that prejudiced the jury against the petitioner. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner was indicted for three counts of malicious assault after he stabbed Doldridge Harrison three times in the lower abdomen. Before trial, the petitioner moved to exclude two photographs of Mr. Harrison's eviscerated intestines on the basis that they were gruesome, irrelevant, and substantially more prejudicial than probative. The circuit court denied this motion but limited the State's use of these photographs by ordering that they could not be enlarged or used during closing arguments. The court also directed that the photographs be published to the jury by circulating printed copies instead of viewing them on a screen.

At trial, the State presented evidence that the petitioner and Mr. Harrison were arguing over a bottle of whiskey when the petitioner stabbed Mr. Harrison three times. The photographs in question were admitted into evidence and published to the jury after Sergeant Ryan Ferrell of the Wheeling Police Department testified that they were taken at a hospital while Mr. Harrison "was intubated and . . . his intestines were laying on his abdomen." The petitioner did not deny stabbing Mr. Harrison, but, rather, pursued a self-defense claim by presenting evidence that Mr. Harrison

---

[1] The petitioner appears by counsel Gary Collias. The State appears by Attorney General John B. McCuskey and Senior Assistant Attorney General Michele Duncan Bishop. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

threw a bottle of wine at his head. The petitioner was convicted of all three counts of malicious wounding, and he was effectively sentenced to four to twenty years of imprisonment.

In his sole assignment of error, the petitioner asserts that the circuit court erred in admitting the photographs of Mr. Harrison's exposed intestines. We review "a trial court's evidentiary rulings, as well as its application of the Rules of Evidence . . . under an abuse of discretion standard." Syl. Pt. 4, in part, *State v. Rodoussakis*, 204 W. Va. 58, 511 S.E.2d 469 (1998). Regarding the relevance of photographs, we have long held that circuit courts must determine "whether the photograph is probative as to a fact of consequence in the case . . . [and] then must consider whether the probative value of the exhibit is substantially outweighed by the counterfactors listed in Rule 403 of the West Virginia Rules of Evidence." *See* Syl. Pt. 10, in part, *State v. Derr*, 192 W. Va. 165, 451 S.E.2d 731 (1994). The circuit court's Rule 403 balancing test is reviewed for an abuse of discretion. *See id.*

The petitioner argues that the photographs were not probative of a fact in consequence because the petitioner did not dispute that he stabbed Mr. Harrison three times and the jury merely had to decide whether he acted in self-defense. However, the petitioner was on trial for malicious assault, and the photographs of the injuries he inflicted were relevant to prove the essential elements of that offense, i.e., whether he maliciously stabbed, cut, or wounded Mr. Harrison "with intent to maim, disfigure, disable or kill[.]" *See* W. Va. Code § 61-2-9(a). Further, even if the photographs were gruesome, "gruesomeness alone does not justify the exclusion of the photographs from a trial." *See State v. Copen*, 211 W. Va. 501, 505, 566 S.E.2d 638, 642 (2002); *Derr*, 192 W. Va. at 177, 451 S.E.2d at 743 n.12 (noting that "[g]ruesome photographs simply do not have the prejudicial impact on jurors as once believed by most courts"). Here, the photographs corroborate the testimonial and other evidence presented by the State that demonstrated the petitioner stabbed Mr. Harrison three times and Mr. Harrison's injuries were severe enough to require surgical intervention.

Moreover, as a part of his self-defense claim, the petitioner was required to prove that his stabbing of Mr. Harrison was "proportionate" to the danger of being hit on the head with a wine bottle. *See State v. Harden*, 223 W. Va. 796, 809-10, 679 S.E.2d 628, 641-42 (2009) (describing the elements of a self-defense claim). Conversely, the State had the burden of proving that the stabbing was not proportionate to the danger, and the photographs showing the extent of Mr. Harrison's injuries were relevant for that purpose. *See id.*; Syl. Pt. 4, *State v. Kirtley*, 162 W. Va. 249, 252 S.E.2d 374 (1978) (holding that "[o]nce there is sufficient evidence to create a reasonable doubt that the killing resulted from the defendant acting in self-defense, the prosecution must prove beyond a reasonable doubt that the defendant did not act in self-defense").

In sum, the photographs were probative to show the jury the nature and location of the injuries sustained by Mr. Harrison, and their probative value was not substantially outweighed by "any speculative prejudicial effect" upon the jury. *See State v. Waldron*, 218 W. Va. 450, 458, 624 S.E.2d 887, 895 (2005). Thus, we conclude that the circuit court did not abuse its discretion when

it assessed the probative value of the photographs, conducted the Rule 403 balancing test, and admitted the photographs into evidence. For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 1, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III